# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

Case No. 25-2248

---

PAUL SHAO,

Plaintiff – Appellant,

v.

ALLSTATE INSURANCE COMPANY,

Defendant – Appellee

---

On Appeal From Orders Of The
United States District Court, Eastern District of Virginia

---

## ALLSTATE INSURANCE COMPANY'S INFORMAL RESPONSE BRIEF TO PAUL SHAO'S APPEAL BRIEF

---

**Defendant– Appellee**
By Their Attorney,


_____/s/ J. Scott Humphrey_____
J. Scott Humphrey
Katie Burnett
Samantha Marchand
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Drive, Suite 1600, Chicago, Illinois 60606-4637
Telephone: 312-212-4949
shumphrey@beneschlaw.com
kburnett@beneschlaw.com
smarchand@beneschlaw.com

**Dated: January 16, 2026**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................1

STATEMENT OF THE CASE.................................................................3

I.  RELEVANT FACTUAL BACKGROUND ...................................3

    A.  Shao's Exclusive Agency Agreement....................................3

    B.  The Allstate Business Objectives .........................................6

    C.  Termination of Shao's Allstate Agreement ...........................6

    D.  The Calculation and Payment of Shao's TPP ......................7

    E.  Shao's Complaint Against Allstate.......................................8

II. PROCEDURAL HISTORY..........................................................11

    A.  Shao's Discovery Motions .................................................11

    B.  Shao's Previous Appeals ...................................................13

    C.  The Parties' Summary Judgment Motions ..........................14

    D.  Allstate's Motions to Seal .................................................16

ARGUMENT .....................................................................................18

I.  THE DISTRICT COURT PROPERLY DENIED SHAO'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AND
GRANTED ALLSTATE'S MOTION FOR SUMMARY
JUDGMENT. ..............................................................................18

    A.  The District Court Properly Granted Allstate Summary
Judgment on Each of Shao's Claims....................................19

    B.  The District Court Properly Determined that Shao's Facts
Did Not Comply with the Court's Rules. ............................23

II.     THE DISTRICT COURT DID NOT ABUSE ITS
        DISCRETION WHEN IT GRANTED IN PART AND DENIED
        IN PART ALLSTATE'S MOTIONS TO SEAL. ...........................................30

III.    THE DISTRICT COURT DID NOT ABUSE ITS
        DISCRETION WHEN IT DENIED SHAO'S MOTION FOR
        SANCTIONS. ................................................................................................34

IV.     SHAO CANNOT RAISE ISSUES FOR THE FIRST TIME ON
        APPEAL. .....................................................................................................37

CONCLUSION ......................................................................................................39

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.*,
    164 F.3d 623 (4th Cir. 1998) ............................................................................38

*Ash v. United Parcel Serv., Inc.*,
    800 F.2d 409 (4th Cir. 1986) ............................................................................22

*Atlantic Funding Corp. v. Peterson*,
    13 Fed. App'x 201 (4th Cir. 2001) ...................................................................25

*Baber v. Hosp. Corp. of Am.*,
    977 F.2d 872 (4th Cir. 1992) ............................................................................22

*Barr v. Lexington County School Dist. Three*,
    347 Fed.Appx. 952 (4th Cir. 2009)...................................................................23

*Bell v. Brockett*,
    922 F.3d 502 (4th Cir. 2019) ............................................................................39

*Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*,
    329 F.3d 285 (4th Cir. 2003) ............................................................................38

*Causey v. Balog*,
    162 F.3d 795 (4th Cir. 1998) ............................................................................22

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..........................................................................................21

*Childs-Bey v. Mayor and City Council of Baltimore*,
    564 Fed.Appx. 13 (4th Cir. 2014).....................................................................23

*Cooter & Gell v. Hartmarx Corp.*,
    496 U.S. 384 (1990)..........................................................................................36

*Devlin v. Scardelletti*,
    536 U.S. 1 (2002)..............................................................................................39

*Evans v. Techs. Applications & Serv. Co.*,
    80 F.3d 954 (4th Cir. 1996) ..............................................................................25

*Folse v. Hoffman*,
122 F.4th 80 (4th Cir. 2024) .............................................................24

*Harvey v. Coleman*,
No. 23-7104, 2024 WL 4003090 (4th Cir. Aug. 30, 2024)................................29

*Harvey v. Hobbs*,
No. 1:20-CV-605-MSN-WEF, 2023 WL 6445853 (E.D. Va. Sept.
29, 2023) ..........................................................................................29, 30

*Holland v. Big River Minerals Corp.*,
181 F.3d 597 (4th Cir. 1999) ...............................................................39

*Hunt v. Branch Banking & Trust Co.*,
480 Fed. Appx. 730 (4th Cir. 2012)......................................................25, 38

*Hunter v. Earthgrains Co. Bakery*,
281 F.3d 144 (4th. Cir. 2002) ...............................................................36

*Iota Xi Chapter Of Sigma Chi Fraternity v. Patterson*,
566 F.3d 138 (4th Cir. 2009) ...............................................................28

*Jones v. Lowe's Companies, Inc.*,
845 F. App'x 205 (4th Cir. 2021).....................................................33, 35

*Lewin v. Cooke*,
28 F. App'x 186,197 (4th Cir. 2002).......................................................38

*Mascone v. Am. Physical Soc'y, Inc.*,
404 F. App'x 762 (4th Cir. 2010).........................................................25

*Muth v. United States*,
1 F.3d 246 (4th Cir.1993) .................................................................39, 40

*Navy Fed. Credit Union v. LTD Fin. Servs., L.P.*,
2019 WL 2203128 (E.D. Va. May 3, 2019)............................................38

*Paul Shao v. Allstate Insurance Company*,
Case No. 2021-03092 .........................................................................3, 8

*Pittston Co. v. United States*,
368 F.3d 385 (4th Cir. 2004) ...............................................................33

*Riggins v. SSC Yanceyville Operating Co.*,
    LLC, 800 F. App'x 151 (4th Cir. 2020) ............................................................. 25

*Stone v. Univ. of Maryland Med. Sys. Corp.*,
    855 F.2d 178 (4th Cir. 1988) ............................................................................. 33

*In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*,
    707 F.3d 283 (4th Cir. 2013) ............................................................................. 35

*Wall v. Rasnick*,
    42 F.4th 213 (4th Cir. 2022) ............................................................................. 25

*Ware v. Pruitt*,
    441 Fed.Appx. 171 (4th Cir. 2011)................................................................... 23

*Weitzner v. Sanofi Pasteur Inc.*,
    909 F.3d 604 (3d Cir. 2018) ............................................................................. 28

*Wolfe v. Johnson*,
    565 F.3d 140 (4th Cir. 2009) ............................................................................. 25

**Statutes**

Age Discrimination in Employment Act ................................................................. 11

Title VII of the Civil Rights Act............................................................................. 11

Virginia Human Rights Act .................................................................................... 11

**Other Authorities**

Fed. R. Civ. P. 11 ............................................................................................ 13, 38

Fed. R. Civ. P. 26 .................................................................................................. 13

Fed. R. Civ. P. 56 ........................................................................................ 24, 25, 27

Local Rule 56 ............................................................................................... 25, 26, 27

Rule 16(B)............................................................................................................. 26

Defendant-Appellee Allstate Insurance Company ("Allstate") respectfully submits its Informal Response Brief in Opposition to Plaintiff-Appellant Paul Shao ("Shao")'s Informal Opening Brief for 25-2248 ("Brief"). In support thereof, Allstate respectfully states as follows:

## **INTRODUCTION**

Shao, a former Allstate Exclusive Agent, alleged that Allstate failed to pay him the proper amount of compensation upon the termination of his Allstate Exclusive Agent Agreement ("Agreement"), breached and/or improperly formed the Agreement, committed human rights violations against him, and violated his due process rights. Shao provided no factual or legal basis to support these claims and also asserted a number of claims for which the State of Virginia does not recognize causes of action.[1] Consequently, the district court correctly denied Shao's Motion for Partial Summary Judgment and granted Allstate's Motion for Summary Judgment on these claims. Specifically, the district court examined the four corners of the Agreement and the evidence provided by Allstate and found that: (a) Allstate did not breach the Agreement; (b) Allstate did not commit conversion or fraud with

---

[1] Specifically, the district court found that Shao's claim that "'Allstate put Shao in harms' way by failing to comply' with COVID-19 stay-at- home orders" is not a recognized cause of action. It also found that Shao's claims for "denial of due process," "administrative disciplinary operation," "Allstate having the 'trait of a police state,'" and "[Allstate] has failed to apply the 'rule of law… evenly or equitably in the realm of Allstate disciplining its members" are not available for private actions, like this one. (ECF 215 at 18-19).

respect to the Agreement; (c) Shao was an independent contractor; (d) Allstate did not discriminate against Shao; and (e) the remainder of Shao's claims were either dropped or have no private cause of action.

Shao now appeals the district court's decision to deny his Motion for Partial Summary Judgment and grant Allstate's Motion for Summary Judgment. The district court, however, decided these motions correctly because Shao failed to provide any evidentiary support for any of his claims that is sufficient to create a genuine issue of material fact. Also, the district court found that Shao's own arguments and admissions support the fact that Allstate did not breach the Agreement. Simply put, although Shao may disagree with Allstate and the district court, his disagreement simply does not pass muster at summary judgment.

In addition, Shao demonstrated a clear disregard for the district court's rules and the law throughout this litigation. Shao filed several baseless motions and moved for reconsideration when the Court did not rule his way. He also did not follow the Local or Federal Rules regarding discovery issues. Both Allstate and the district court repeatedly attempted to explain the relevant rules and law to Shao, yet he refused to listen. Now, true to form, and following his deficient summary judgment briefing, Shao is attempting to undo several of the district court's orders, including its decision to deny Shao's Motion for Partial Summary Judgment and grant Allstate's Motion for Summary Judgment. In addition, and for the first time,

Shao also complains about the district court's orders regarding Motions to Seal, a Motion for Sanctions, and other actions undertaken by the district court or Allstate. Like his district court filings, however, Shao's appeal has no basis in law or fact. Shao recycles old, rejected arguments, cites to zero legal authority, and fails to point to legitimate errors that the district court made. Instead, he simply voices disagreement with the district court's findings and hopes that this Court ignores well-established law and procedure. Shao's legally-baseless frustration with the underlying ruling does not warrant reversal.

Accordingly and for the reasons discussed below, Allstate respectfully requests that this Court DISMISS Shao's appeal, or in the alternative, AFFIRM the District Court's orders in ECFs 124, 209, and 215.[2]

## STATEMENT OF THE CASE

### I. RELEVANT FACTUAL BACKGROUND

Shao was an exclusive Allstate agent from August 1, 2015 to May 30, 2020. Allstate appoints exclusive agents ("EAs"), through its Exclusive Agency program, to sell Allstate products. (ECF 162-2 at ¶ I.A.).

#### A. Shao's Exclusive Agency Agreement

Before they receive their appointments from Allstate, all EAs (including Shao) are required to first enter into an Allstate R3001 Exclusive Agency Agreement (the

---

[2] Unless otherwise stated, all ECF cites refer to the District Court record: *Paul Shao v. Allstate Insurance Company*, Eastern District of Virginia, Case No. 23-cv-809.

"Agreement") with Allstate that sets forth the terms and conditions of the EA's relationship with Allstate. (ECF 162-2). Shao's Agreement was effective on August 1, 2015. (ECF 162-2 at ¶ I.A.).

> By signing the Agreement, Shao acknowledged:
>
> The Supplement for the R3001 Agreement (the "Supplement") and the Exclusive Agency Independent Contractor Manual (the "Manual"), and the Allstate Agency Standards ("Agency Standards") as they may be amended from time to time, are expressly incorporated in their entirety as part of this Agreement. The Company reserves the right to amend the Supplement, Manual, and Agency Standards at any time without prior notice to you, except that notice regarding changes to commission amounts will be given as indicated in Section XV.

(ECF 162-2 at ¶ I.C.; 162-3 at 39:2-40:4.). Shao also acknowledged that he "reviewed the Supplement, EA Manual, and Agency Standards and that [he] ha[s] an ongoing responsibility to review all changes to the Supplement, EA Manual and Agency Standards issued by [Allstate] and agree[s] to be bound by them." (ECF 162-2 at ¶ XX.B.). Shao had access to the Supplement, Manual, and the Agency Standards on August 1, 2015, if not earlier. (ECF 162-3 at 39:19-40:4). Shao understood that he had to adhere to the company's rules and regulations and that such conditions were "valid." (ECF 162-3 at 43:2-44:2.).

Further, Shao also acknowledged that he was "an independent contractor for all purposes and not an employee of [Allstate]." (ECF 162-2 at ¶ I.D.; ECF 162-6 at Allstate-Shao_000100 ("you are **not** an employee of [Allstate]") (emphasis in original)). To this end, Shao acknowledged that "[he] will have full control of [his]

time and the right to exercise independent judgment as to the time, place, and manner of performing [his] duties, which are defined in this Agreement and the incorporated Supplement, EA Manual, and Agency Standards." (ECF 162-2 at ¶ I.D.). The only areas over which Allstate maintained sole discretion related to insurance forms; insurance premiums, fees, and charges; the acceptance or rejection of applications; the termination or modification of contracts; the limitation, restriction, or discontinuance of the writing or selling of policies coverages, lines, or kinds of insurance; Allstate's licenses; and the type and quality of customer service. (ECF 162-2 at ¶ I.F.).

Moreover, by signing the Agreement, Shao acknowledged:

The sole compensation to which [he] will be entitled for services rendered pursuant to th[e] Agreement will be the commissions set forth in the Supplement, as may be amended from time to time. [Allstate] will pay [his] commissions at the time and in the manner set forth in the Supplement. However, due to the inherent uncertainty of business conditions, [Allstate] reserves the right to increase or decrease any commission amounts and to change the commission rules.

(ECF 162-2 at ¶ XV.A.). Shao understood that this provision meant that Allstate reserved the right to increase or decrease any commission amounts and to change the commission rules. (ECF 162-3 at 41:12-42:21). Shao also understood that:

Th[e] Agreement may not be modified except by a written agreement between [Allstate] and [Shao] which expressly states that it modifies this Agreement. No other written statements, representations, or agreements and no oral statements, representations, or agreements will be effective to modify this Agreement. No representative of [Allstate] will have the authority to modify this Agreement.

(ECF 162-2 at ¶ XX.A.).  Finally, by signing the Agreement, Shao acknowledged that he "read this Allstate R3001S Exclusive Agency Agreement, understand[s] it, and agree[s] to be bound by its terms."  (ECF 162-2 at ¶ XX.D.).

## B.     The Allstate Business Objectives

As part of their appointment, Allstate EAs, like Shao, must meet Allstate Business Objectives ("ABO") in order to maintain their Agreement and status as an Exclusive Allstate Agent.  (ECF 162-3 at 40:7-41:6; ECF 162-7; ECF 162-2 at ¶ II.B.).  Shao understood that if EAs do not meet the ABOs, their Exclusive Agency Agreement is subject to termination.  (ECF 162-3 at 70:15-72:1).

Unfortunately, Shao failed to meet his ABOs at least eight times between April 2019 and December 2019.  (ECF 162-3 at 72:2-73:13; ECF 162-9).  Consequently, Allstate exercised its right, under Section XVII.B. of the Agreement, and terminated Shao's Agreement effective May 30, 2020 due to Shao's failure to meet Allstate's ABO.  (ECF 162-2 at ¶ XVII.B.; ECF 162-10).

## C.     Termination of Shao's Allstate Agreement

Shao was notified of this termination in or around February 10, 2020.  *Id*. Following termination of the Agreement, Shao was provided with 90 days to sell his economic interest in the book of business ("economic interest") to a purchaser that must be approved by Allstate.  (ECF 162-2, at ¶ XVI.B.).  He was unable to find a buyer for his economic interest.  (ECF 162-3 at 85:6-88:5; ECF 162-7).  When an

EA, like Shao, fails to or chooses not to sell his economic interest within the 90-day period, the EA may elect to receive a Termination Payment from Allstate ("TPP"). (ECF 162-10).

### D.    The Calculation and Payment of Shao's TPP

The TPP payment is calculated and paid in accordance with the Supplement, which specifies which categories of business are included in the TPP calculation and how to calculate the payment.  (ECF 162-10; ECF 162-1 at Allstate-Shao_000374-77; ECF 162-11 at Allstate-Shao_000753-756).  Specifically, the Supplement provides that TPP for auto, property, commercial, and Allstate Financial renewals are calculated using a multiplier of 1.5.  (ECF 162-1 at Allstate-Shao_000376; ECF 162-11 at Allstate-Shao_000754-755).  The Supplement also provides that "[b]usiness written under any prior Allstate employee agent agreement" is excluded from the TPP calculation.  (ECF 162-1 at Allstate-Shao_000374; ECF 162-11 at Allstate-Shao_000754).  TPP "may [also] include a deduction for any indebtedness owed to [Allstate]." (ECF 162-6 at Allstate-Shao_000131). Further, the 2020 Supplement states that "[t]he payment of the Termination Payment will be made in 24 monthly installments."  (ECF 162-11 at Allstate-Shao_000753).

Shao was paid a total of $129,973.21 for TPP.  His TPP was calculated and paid per the terms of the Supplement between October 2020 and September 2022. (ECF 162-12; ECF 162-13; ECF 162-14).  Shao has no written evidence that anyone at Allstate stated they would modify or amend his Agreement and "buy back" his

economic interest outside of the TPP provision or for an amount more than TPP. (ECF 162-3 at 101:21-102:7).

### E.   Shao's Complaint Against Allstate

Since the termination of his EA Agreement on May 30, 2020, Shao filed two lawsuits against Allstate involving allegations regarding his Allstate Agreement, termination payments, and workplace environment. *First*, Shao filed a case in state court in which he ultimately agreed to non-suit. *Paul Shao v. Allstate Insurance Company*, Case No. 2021-03092, Circuit Court for the County of Fairfax. (ECF 54, p. 2). *Second*, Shao filed the instant action against Allstate in state court, which was subsequently removed to federal court. *Paul Shao v. Allstate Insurance Company*, Case No. 2023-7310, Circuit Court for the County of Fairfax. (ECF 1). Shao's operative complaint (ECF 25) alleged the following claims:

- Count 1: Failure to Pay Full TPP Amount

- Count 2: Failure to Pay The Portion of The Book Written By Employee Salespersons

- Count 3: Failure to Provide a Transitional Time for Shao to Exit Allstate to Minimize His Loss Due to Allstate's Sudden Abandonment The Trusted Advisor Program Under Which Shao Was Recruited

- Count 4: Conversion Against Allstate

- <u>Count 5:</u>  Intent To Deceive In The Title Was Expressively Contradicted By Allstate in the Content of the EA Agreement – The EA Agreement Is A Bad Faith Contract

- <u>Count 6:</u> Allstate Violates The Principle Of Consideration In The Contract Law By Abandoning The Principle Of Reciprocity In Its EA Relationship

- <u>Count 7:</u> ABO (Allstate Production Quota) Nulls The Status Of An EA As An Independent Contractor And Allstate Fails To Reclassify Them As Employee Salespersons Who Deserve The Employee Benefits

- <u>Count 8:</u> Allstate Has The Trait Of A Police State In The Sense That It Denies Due Process In Its Administrative Disciplinary Operation For The Failure To Provide Evidence To Support Its Accusation And Failure To Give The Accused An Opportunity To Defend Himself/Herself

- <u>Count 9:</u> Rule Of Law Had Not Been Evenly Or Equitably Applied In The Realm Of Allstate Disciplining Its Members—With Some Above Receiving No Punishment And Some Below With Harsh Punishment

- <u>Count 10:</u> Allstate Has A Second Trait Of A Police State In The Sense That It Silences And/Or Punishes The Expresses Of Man's Humanity-To-Man Among Agents And Allstate Members

- <u>Count 11:</u> Allstate Engaged in Highway Robbery Figuratively Speaking In The Sense That It Confiscates Agents' Wallet Through ABO And TPP To Enrich That Of Its Higher Echelons—Allstate Committed Fraud

- <u>Count 12:</u> Allstate Has Violated Shao's Human Rights

- <u>Count 13:</u> Allstate Put Shao In The Harm's Way By Failing To Comply With The White House Declaration of State of National Emergency On 3/13/20 Due To The Covid-19 Pandemic And With The Virginia Governor Ralph Northam's Stay-At-Home Order Which Was To Take Effect On 3/20/20 In Denying Shao's Request For An Termination Extension For Two Months.

(ECF 25). In sum, Shao's Complaint alleged that Allstate did not pay him the commissions he was allegedly owed upon his termination and/or his TPP was less than he expected. To the extent that Allstate understands Shao's Complaint, Shao claims he was owed an additional $17,293.90 and/or $53,019.43 in unpaid commissions. (ECF 25 at p. 40-41).

Shao also alleged he experienced a hostile work environment at Allstate due to his age and health, including violations of the Virginia Human Rights Act ("VHRA"), Title VII of the Civil Rights Act ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"). (ECF 25 at p. 55-56). Shao, however, did not follow any administrative procedures regarding his discrimination claims, and the claims are not available to him as an independent contractor. (ECF

54, p. 6). Finally, Shao alleges that Allstate should have extended the termination date of his Agreement due to the Covid-19 Pandemic and Stay-At-Home Orders. (ECF 25 ¶¶ 120-123).

As is more fully explained below, none of Shao's claims have legs or evidence to support the allegations. Naturally then, Shao failed to present a genuine dispute of material fact, and his summary judgment motions failed. For these reasons, Shao's appellate brief should be denied and the district court's orders should be affirmed in their entirety.

## II. PROCEDURAL HISTORY

Shao's Complaint was removed to the District Court on June 22, 2023. (ECF 1). On August 8, 2023, Shao filed a Motion for Leave to File Amended Complaint After Nonsuit. (ECF 19). The District Court granted Shao's Motion, and Shao filed an Amended Complaint on August 29, 2023. (ECF 25). This Amended Complaint is the operative Complaint. Allstate filed its Answer on September 12, 2023. (ECF 28). On October 18, 2023, the parties attended an initial pretrial conference, and the District Court entered the parties' discovery plan. (ECF 34). The parties subsequently exchanged written discovery requests. (ECF 44).

### A. Shao's Discovery Motions

Throughout discovery, Shao filed numerous motions, many of which the district court denied or dismissed. The discovery motions that are relevant to this

appeal are Shao's Motion to Take Depositions (ECF 73) and Motion for Sanctions (ECF 108).

In the Motion to Take Depositions, Shao sought to take the depositions of various Allstate executives, including Tom Wilson, Glenn Shapiro, Robert Hopkins, Rick Bosworth, Hilarie Sweeney, Tim Beckner, Ann Smith, Maggie Wang, Bryan Reid, and Amy Ho. (ECF 73). Allstate opposed Shao's Motion as to Tom Wilson, Glenn Shapiro, Robert Hopkins, Richard Bosworth, and Hilarie Sweeney because (a) the individuals would have no unique or special knowledge of Shao's allegations; (b) there were less burdensome avenues for obtaining the information Shao sought; (c) requiring them to sit for a deposition would cause undue burden and expense; and/or (d) the individuals were not relevant to Shao's allegations. (ECF 78). Allstate did not oppose Shao's Motion as to Tim Beckner, Ann Smith, Maggie Wang, Bryan Reid, and Amy Ho. (*Id*). The district court granted in part and denied in part Shao's request. It granted Shao the ability to take the depositions of Tim Beckner, Ann Smith, Maggie Wang, Bryan Reid, and Amy Ho so long as he "follow[ed] the appropriate procedures for noticing the depositions under the Federal Rules of Civil Procedure." (ECF 82 at 2). It denied Shao's request to take the depositions of Glenn Shapiro, Robert Hopkins, Richard Bosworth, and Hilarie Sweeney because they were "neither relevant nor proportional to the needs of this case pursuant to Fed. R. Civ. P. 26." (ECF 82 at 2).

In Shao's Motion for Sanctions, Shao claimed in part that Allstate's counsel violated various rules of the ABA Model Rules of Professional Conduct and/or Rule 11 for (a) opposing Shao's request to take the depositions of Richard Bosworth, Robert Hopkins, and Hilarie Sweeney; and (b) answering a request for admission about Glenn Shapiro's whereabouts in 2020 with a denial. (ECF 108). The district court denied Shao's Motion for Sanctions. (ECF 124). In doing so, the Court found that there is no "basis in law or fact [] that anybody engaged in inappropriate conduct, much less any sanctionable conduct." (March 1 Hearing Tr. at 16:6-9). The Court emphasized that Shao made a "very serious action" without "any evidence to support" his claims. (*Id.*) Shao appeals this denial.

## B.    Shao's Previous Appeals

Shao appealed the above discovery orders, among others. Specifically, Shao filed two appeals where he sought appellate review of three orders entered by the district court: ECF 76, which denied Shao's Second Motion for Leave to Amend his Complaint; ECF 82, which denied-in-part Shao's Motion to Take Depositions; and ECF 124, which granted-in-part Allstate's Motion to Compel discovery from Shao, denied Shao's Motions to Compel discovery from Allstate, denied Shao's Motion for Leave to File Subpoenas, denied Shao's Motion for Sanctions against Allstate, and denied as moot Allstate's motion to seal and remove from the docket. *See* Case Nos. 24-1190, 24-1204.

This Court dismissed those appeals on October 22, 2024 (ECF 150-152) by noting that it "may exercise jurisdiction only over final orders… and certain interlocutory and collateral orders… None of the appealed-from orders end the subject litigation on its merits or are immediately appealable collateral orders." Accordingly, this Court dismissed the appeals for want of jurisdiction. Case No. 24-1190, Dkt. 28 at 2-3.

### C.    The Parties' Summary Judgment Motions

The district court directed the parties to file their motions for summary judgment by November 27, 2024. (ECF 156). On November 26, 2024, Shao filed his Motion for Partial Summary Judgment (the "Motion") on the breach of contract claims (Counts I-III), conversion (Count IV), and contract fraud (Counts V, VI, and XI). On November 27, 2024, Allstate filed its Motion for Summary Judgment on all of Shao's claims (Counts I-XIII). (ECFs 158-162, 165). Briefing on both parties' summary judgment motions was completed by January 24, 2025. (ECFs 183, 185, 193-195).

On September 25, 2025, the district court issued its Memorandum Opinion and Order denying Shao's Motion for Partial Summary judgment and granting Allstate's Motion for Summary Judgment in its entirety. (ECF 215). In doing so, the district court adopted the majority of Allstate's statement of undisputed facts. (ECF 215 at 4-9). Specifically, the district court determined that following facts (in pertinent part) were undisputed:

- The Agreement between Shao and Allstate became effective on August 1, 2015.

- In exchange for agreeing to the terms of the Agreement, Shao was authorized to sell Allstate's products using Allstate's name in return for certain commissions.

- The Supplement, EA Manual, and Agency Standards are incorporated into the Agreement. Shao acknowledged that he reviewed each of these documents.

- By signing the Agreement, Shao agreed he is an independent contractor for all purposes, was responsible for the location of his work and the associated expenses, and could hire his own employees entirely in his own discretion.

- Shao's economic interest was defined in the Agreement and the incorporated Supplement and EA Manual as a "specifically defined, limited interest" that consists only of the ability to receive TPP (as defined by the Supplement) or to transfer the interest to an approved buyer.

- The Supplement provides the calculation of the TPP that Shao received. The Supplement states that TPP uses a 1.5 multiplier, and business written under any prior "Allstate employee agent agreement" is excluded from the TPP calculation.

- Shao was paid TPP of $129,973.21, which was paid over 24 monthly installments between October 2020 and September 2022.

- Shao has no written evidence that anyone at Allstate stated that they would modify or amend his EA Agreement and buy back his book of business outside of the TPP provisions or for an amount more than the TPP.

- Shao met with his landlord, the cleaners, the technicians, and the movers after Allstate's termination of Shao's EA Agreement.

- Before filing his complaints, Shao did not file a complaint with Virginia's Fair Employment Practices Agency ("FEPA") or the Equal Employment Opportunity Commission ("EEOC"). Accordingly, those entities did not investigate Shao's claims of discrimination.

(ECF 215 at 4-9). The district court also determined that "[o]n the whole, [Shao's] assertions of 'fact' are unsupported by record citations and frequently consist of argument or legal conclusions; thus, they are not properly considered 'facts' for purposes of summary judgment." *Id*. at 3. Consequently, it held that there were no genuine disputes of material fact, no reasonable juror could find in Shao's favor, and Allstate's was entitled to summary judgment on all counts of Shao's Complaint. *Id*. at 20. Shao now appeals this Memorandum Opinion and Order.

## D.    Allstate's Motions to Seal

Allstate's summary judgment motion referred to and attached as exhibits certain documents that Allstate deemed confidential and were marked "Confidential" pursuant to the Protective Order entered in this case. (ECF 163-

166).[3] Allstate's response to Shao's motion referred to the same set of documents. (ECF 183-187). Accordingly, when Allstate filed its motion, exhibits, and response, Allstate moved to seal those documents from the public view. (ECF 184, 196). Shao opposed Allstate's motions to seal. (ECF 175, 188).

On December 23, 2024, the district court denied without prejudice Allstate's motion to seal its exhibits and excerpts and noted that the items filed under seal would remain sealed for twenty-one days, during which time Allstate may move to seal once more. (ECF 181). The district court also balanced the First Amendment's guarantee of access to judicial documents against Allstate's countervailing private interest in protecting its confidential information. *Id*. at 1-2. It noted that Allstate did not specifically assert how the information contained in each of the exhibits contained business information that could harm its competitive or business standing.

---

[3] The Agreed Protective Order, which was proposed by Shao to Allstate, defines "Confidential Information" as:

> [A]ny document, electronically stored information, testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the parties in the manner provide below as containing: customer information, information that implicates common law and/or statutory privacy interests; competitive business information, or information that a party otherwise believes is otherwise entitled to protection.

(ECF 45 ¶ 2).

*Id*. at 3.  Allstate refiled its motion to seal based on this order, and Shao opposed this motion.  (ECF 184, 196-198, 200, 202).

Then, on February 21, 2025, the district court granted in part and denied in part Allstate's motions to seal.  (ECF 209).  It ordered that Allstate re-file complete, unredacted versions of exhibits 2, 4, 5, 7, 9, 10, 12, and 14-17 to Allstate's motion for summary judgment; that complete, unredacted versions of exhibits 1, 3, 6, 8, 11, and 13 to Allstate's Motion for Summary Judgment be maintained under seal; and that any previously redacted briefs be refiled bearing no redactions.  *Id*.

Shao appeals this Order.

## ARGUMENT

**I.    THE DISTRICT COURT PROPERLY DENIED SHAO'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTED ALLSTATE'S MOTION FOR SUMMARY JUDGMENT.**

Shao appeals the district court's Memorandum Opinion and Order wherein the district court denied Shao's motion for partial summary judgment (ECF 158) and granted Allstate's motion for summary judgment (ECF 160).  (ECF 215).  Shao makes two complaints about the district court's Memorandum Opinion and Order. *First*, Shao complains that the district court improperly disregarded the "facts" that he advanced.  *Second*, Shao complains that the district court misinterpreted his "evidence."  In making these arguments, however, Shao neither directs this Court to the factual record nor advances any legal arguments that demonstrate how or why the district court erred in its ruling.  Instead, he relies on the same insufficient,

unsupported facts and legal conclusions, while demanding that this Court reverse the district court's summary judgment findings. This Court should reject Shao's assertions and affirm the district court's summary judgment decision on all of Shao's claims. The district court properly decided each of Shao's claims.

    **A.**    **The District Court Properly Granted Allstate Summary Judgment on Each of Shao's Claims.**

Shao fails to identify any supported genuine issues of material fact that affect the district court's conclusions. The district court concluded: (a) Allstate did not breach the EA Agreement with Shao; (b) Allstate did not commit conversion or fraud; (c) Shao was an independent contractor; (d) Allstate did not discriminate against Shao; and (e) the remainder of Shao's claims were either dropped or have no private cause of action. (ECF 215 at 10-20). In making this conclusion, the district court adopted nearly every undisputed fact that Allstate provided and found the following facts to be undisputed:

- The Agreement between Plaintiff and Allstate became effective on August 1, 2015.

- In exchange for his agreement to the terms of the Agreement, Shao was authorized to sell Allstate's products using Allstate's name in return for certain commissions.

- The Supplement, EA Manual, and Agency Standards are incorporated into the Agreement. Shao acknowledged that he reviewed each of these documents.

- By signing the Agreement, Shao agreed he is an independent contractor for all purposes, was responsible for the location of his work and the associated expenses, and could hire his own employees entirely in his own discretion.

- Shao's economic interest in his Agency was defined in the Agreement and the incorporated Supplement and EA Manual as a "specifically defined, limited interest" that consists only of the ability to receive TPP (as defined by the Supplement) or to transfer the interest to an approved buyer.

- The Supplement provides the calculation of the TPP that Shao received. The Supplement states that TPP uses a 1.5 multiplier, and business written under any prior "Allstate employee agent agreement" is excluded from the TPP calculation.

- Shao was paid a TPP of $129,973.21, which was paid over 24 monthly installments between October 2020 and September 2022.

- Shao has no written evidence that anyone at Allstate stated that they would modify or amend his Agreement and buy back his book of business outside of the TPP provisions or for an amount more than the TPP.

- Shao met with his landlord, the cleaners, the technicians, and the movers after Allstate's termination of Shao's Agreement.

- Before filing his complaints in this action, Shao did not file a complaint with Virginia's Fair Employment Practices Agency ("FEPA") or the Equal

Employment Opportunity Commission ("EEOC"). Accordingly, those

entities did not investigate Plaintiff's claims of discrimination.

(ECF 215 at 4-9).

Nowhere in Shao's Brief, Motion, or Opposition does Shao provide any

supported evidence that genuinely dispute any of the above facts. Instead, Shao

relies on the same unsupported, argumentative, and conclusory statements that are

untenable at summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24

(1986) (the purpose of a summary judgment motion under Fed. R. Civ. P. 56 is to

assess whether trial is necessary and "to isolate and dispose of factually unsupported

claims."); *id*. at 322–23 (it is the moving party's responsibility to "show that there is

no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law"); *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75

(4th Cir. 1992) (parties may not rely on beliefs, conjecture, speculation, or

conclusory allegations without "specific evidentiary support"); *Causey v. Balog*, 162

F.3d 795, 801–02 (4th Cir. 1998) (same); *Ash v. United Parcel Serv., Inc.*, 800 F.2d

409, 411–12 (4th Cir. 1986) (unsupported speculation is not enough to withstand a

motion for summary judgment).

For example, to the extent that Allstate understands his argument, Shao claims

that Allstate breached the Agreement by failing to pay him an additional $35,346.29

in TPP, which accounts for "9% of the Renewed Premium of $392,736.52 in His

[Agency]." Doc 13 at 26. It appears that Shao is advocating for this Court to disregard the district court's undisputed factual findings, which state, (a) "[t]he TPP is calculated and paid in accordance with the Supplement, which specifies which categories of business are included in the TPP and how to calculate the payment"; (b) "[s]pecifically, the Supplement provides that the TPP for auto, property, commercial, and Allstate Financial renewals are calculated using a multiplier of 1.5"; (c) "[t]he Supplement also provides that '[b]usiness underwritten under any prior Allstate employee agent agreement' is excluded from the TPP calculation"; (d) "[Shao] was paid a total of $129,973.21 as his TPP"; and (e) "[Shao] has no written evidence that anyone at Allstate stated that they would modify or amend his Agreement and buy back his book of business outside of the TPP provisions or for an amount more than the TPP." (ECF 215 at 9 ¶¶ 32-34, 37). Given these uncontested facts, Shao fails to adequately explain how he is entitled to $35,3546.29, point this Court to any admissible evidence that rebuts the above factual findings, or identify an error of law. Shao's mere disagreement with the district court neither warrants reversal nor provides relief for Shao. *Childs-Bey v. Mayor and City Council of Baltimore*, 564 Fed.Appx. 13, 13 (4th Cir. 2014) (appellant must challenge the district court's specific basis for summary judgment rulings); *Barr v. Lexington County School Dist. Three*, 347 Fed.Appx. 952, 952 (4th Cir. 2009) (same); *Ware v. Pruitt*, 441 Fed.Appx. 171, 171 (4th Cir. 2011) (same).

For these reasons, there are no supported genuine issues of material fact in Shao's Brief, Motion, or Opposition that affect the district court's conclusions. Without a genuine dispute of material fact, the district court properly denied Shao's Motion and granted summary judgment in favor of Allstate. This Court should affirm the district court's decision and/or dismiss Shao's appeal.

### B. The District Court Properly Determined that Shao's Facts Did Not Comply with the Court's Rules.

Even if this Court finds that the district court abused its discretion in adopting Allstate's undisputed facts and/or failing to find any genuine issues of material fact, the district court properly determined that Shao failed to comply with Federal Rule of Civil Procedure 56(e), Local Rule 56(B), and the Rule 16(B) Scheduling Order (ECF 34). Specifically, the district court properly determined that "[Shao] has not complied with his obligations to either set forth affirmatively his statement of undisputed facts in his Motion or to respond in his Opposition brief in enumerated paragraphs with citations to the record." (ECF 215 at 3). The district court also properly determined that "[Shao's] assertions of 'fact are unsupported by record citations and frequently consist of argument or legal conclusions; thus, they are not properly considered 'facts' for purposes of summary judgment." (*Id*). Shao takes issue with these statements and argues that he could not support facts with record citations. (Doc 13 at 20 ("how in the world could Appellant assert the 'fact' to be supported by record citations?")). This argument neither absolves Shao from

compliance with the court's rules, nor provides a basis for reversing the district court's decision.

This Court reviews the district court's application and interpretation of Federal Rule of Civil Procedure 56(e) and its own local rules for abuse of discretion. *Folse v. Hoffman*, 122 F.4th 80, 83 (4th Cir. 2024) (noting the standard of review for application of the local rules); *Riggins v. SSC Yanceyville Operating Co.*, LLC, 800 F. App'x 151, 154 (4th Cir. 2020) (a district court's evidentiary rulings are reviewed for abuse of discretion); *Mascone v. Am. Physical Soc'y, Inc.*, 404 F. App'x 762, 765 (4th Cir. 2010) (noting the standard of review for examining summary judgment facts); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (Rule 56 fact decisions are reviewed for abuse of discretion). A district court abuses its discretion "when it acts in an arbitrary matter … or when it relies on erroneous factual or legal premises." *Wall v. Rasnick*, 42 F.4th 213, 220 (4th Cir. 2022); *Atlantic Funding Corp. v. Peterson*, 13 Fed. App'x 201, 203–04 (4th Cir. 2001). Put differently, a district court "'necessarily abuses its discretion when it makes an error of law.'" *Hunt v. Branch Banking & Trust Co.*, 480 Fed. Appx. 730, 731 (4th Cir. 2012) (citing *Wolfe v. Johnson*, 565 F.3d 140, 160 (4th Cir. 2009)).

The district court did not abuse its discretion when it determined that Shao's factual assertions were unsupported, argumentative, and/or summarized legal conclusions. Federal Rule of Civil Procedure 56 states:

[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: … (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e)(2)-(4).  Similarly, Local Rule 56(B) states:

Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed.  A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute.  In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

L.R. 56(B).  These principles are reiterated in the Rule 16(B) Scheduling Order that the district court filed on the docket on October 18, 2023.  (ECF 34).  The district court cited and applied each of these Rules to Shao's statement of facts (and lack thereof).  Consequently, it is readily apparent that Shao's motion for partial summary judgment and response in opposition to Allstate's motion for summary judgment did not abide by the Rules.

The majority of Shao's "Statement of Facts" do not provide any citations to the assertions he makes.  In fact, of the thirty facts he asserts, only two contain citations.  Unfortunately, those citations do not support the contention he is making.

For example, under Shao's "Statement of Facts," Shao asserts that "The Manual, 47 pages, had been revised 38 times at the time of 4/1/2021 (Dkt. 25, ¶5 and ¶8.b&c), and it is in the category of rules and regulations of Allstate, which is much lower in the hierarchy of importance to Shao's main EA Agreement with Allstate." (ECF 158 at 10 ¶ 40.v.). The citation Shao references is in his Complaint, where he asserts the same "fact." That "fact" has no relevance to Shao's claims.

Shao also asserts "facts" that are more commentary than fact. For example, Shao asserts that "Allstate recruiters would use the phrase 'buyback with the multiple 1.5' to potential agent-candidates. *It gives the agent-buyer a false impression that Allstate would buyout an agent's economic interest of an insurance book... But Allstate's TPP buyback is a far cry from this standard buyout.*" (ECF 158 at 11 ¶ 41.i.-ii.) (emphasis added). Even if this assertion was true (it is not), it lacks a citation to admissible evidence and its content is argumentative and conclusory rather than factual.

In responding to Allstate's Statement of Facts, Shao's Opposition did not include "a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute." (L.R. 56(B)). Instead, Shao re-asserted the same flawed assertions that he made in his Motion. (ECF 193). Worse, neither Shao's motion nor his opposition are made

under the penalty of perjury. Thus, Shao's "facts" fail to comply with Federal Rule of Civil Procedure 56, Local Rule 56, or the Scheduling Order.

As a result, the district could have fully disregarded all of the assertions that Shao made in his motion and deemed all of Allstate's facts as undisputed at the outset. *Iota Xi Chapter Of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2009) (striking sections of summary judgment brief for failure to comply with the Local Rules); *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018) (affirming the district court's decision to strike the portions that did not comply with the district court's local rules regarding plaintiff's answer to the statement of facts). Rather than take this simple approach, however, the district court carefully "reviewed [Shao's] filings and the record, in an attempt to determine which asserted undisputed facts may actually be in dispute." (ECF 215 at 4). Consequently, the Court "modified" numerous asserted facts based on Shao's filings and deposition testimony. (*See, e.g.*, ECF 215 at 7 n.8. ("the Court examined [Shao's] deposition testimony… [Shao] is correct that his deposition testimony supports that he knew of or had access to the ABOs in 2012 or 2013 … Accordingly, the asserted fact has been modified.")); (*id*. at n.7 ("[t]he asserted fact is modified to more accurately state how the EA Agreement and the ABO program relate to one another")). The district court also found that some facts were partially disputed. (*Id*. at n.9 ("[Shao's] asserted fact is partially disputed, as he cites no evidence in support

of his assertion regarding production quotas")). After the district court carefully considered all of the filings, including Shao's own testimony, the court correctly found that there were no genuine disputed <u>material</u> facts.

Shao does not remedy his evidence issues on appeal. He does not point this Court to record citations, demonstrate how or why the district court mischaracterized his facts, or argue that his facts are material. Instead, he argues that he could not support facts with record citations, refers to his medical issues, and blames Allstate's maintenance of databases for his failure.[4] (Doc 13 at 20 ("how in the world could Appellant assert the 'fact' to be supported by record citations?")). Unfortunately, these justifications are not sufficient for summary judgment, and Shao's *pro se* status does not save him.[5] *Harvey v. Hobbs*, No. 1:20-CV-605-MSN-WEF, 2023 WL 6445853, at \*1 n.1 (E.D. Va. Sept. 29, 2023), *aff'd sub nom. Harvey v. Coleman*, No. 23-7104, 2024 WL 4003090 (4th Cir. Aug. 30, 2024) (noting that "a district court is neither required to act as an advocate for a *pro se* litigant,.. nor to 'sift through'

---

[4] Allstate has empathy towards Shao's medical issues, which is why Allstate always agreed to his requested extensions. (*See, e.g.*, ECF 168, 179). For the purposes of this briefing, however, his medical issues are not germane and insufficient to overcome his failure to (a) provide evidence sufficient to show a genuine dispute of material fact and (b) comply with the district court's well-publicized Rules.

[5] Shao complains that Allstate did not issue a *Roseboro* Notice to him. (Doc 13 at 23). He notes, however, that the district court filed the Notice on the district court docket on December 2, 2024 consistent with *Milla v. Brown*. (*Id.*) Thus, Shao received the *Roseboro* Notice and has no excuse for failing to "cite materials in the record." (ECF 167 at 1).

pleadings in an attempt to construct legal arguments or theories for him") (internal citations omitted).

Accordingly, by carefully examining all of the filings in the record as well as the assertions that Shao makes in his motion and opposition, the district court did not abuse its discretion in finding that Shao's "facts" are "not properly considered 'facts' for purposes of summary judgment." (ECF 215 at 3). Likewise, the district court did not err in finding that the majority of the facts asserted by Allstate were undisputed. *Harvey*, 2023 WL 6445853, at *2 ("Plaintiff's failure to cite to record evidence means that no dispute has been raised") (internal citations omitted). Therefore, there is no basis for this Court to reverse the district court's factual determinations.

Thus, even if this Court finds that the district court abused its discretion in adopting Allstate's undisputed facts and/or rejecting the format of Shao's summary judgment papers, there are no supported genuine issues of material fact in Shao's Brief, Motion, or Opposition that affect the district court's conclusions. Without a genuine dispute of material fact, the district court properly denied Shao's Motion and granted summary judgment in favor of Allstate.

This Court must reject Shao's appeal and affirm the district court's summary judgment Order.

## II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT GRANTED IN PART AND DENIED IN PART ALLSTATE'S MOTIONS TO SEAL.

Shao appeals the order which granted in part and denied in part Allstate's motions to seal (ECF 209). To the extent that Allstate understands his argument, Shao is appealing the district court's decision to allow Exhibits 1, 3, 6, 8, 11, and 13 to Allstate's Motion for Summary Judgment to remain sealed.[6] (Doc 13 at 8). Shao contends that none of the exhibits to Allstate's Motion for Summary Judgment should remain sealed. (*Id*.)

Exhibits 1, 3, 6, 8, 11, and 13, however, consist of Allstate's confidential information: (a) Exhibit 1 is the Supplement for the R3001 Agreement, dated January 27, 2016; (b) Exhibit 3 is the March 20, 2024 deposition of Shao; (c) Exhibit 6 is the Exclusive Agency Independent Contractor Manual, dated October 1, 2013; (d) Exhibit 8 contains Allstate's Agency Business Objectives information;[7] (e) Exhibit 11 is the Supplement for the R3001 Agreement, dated May 1, 2020; and (f) Exhibit 13 is a November 9, 2020 Termination Payment (TPP) Policy Detail Report containing Allstate customer names and premiums. Allstate not only marked these

---

[6] Shao also appears to complain about Exhibit 2 being temporarily sealed and Allstate's actions leading up to the district court's February 21, 2025 Order (ECF 209). Exhibit 2 (as well as Exhibits 4, 5, 7, 9, 10, 12, and 14-17) is now publicly filed on the docket. Consequently, Allstate's actions with respect to Exhibit 2 are irrelevant.

[7] Shao did not oppose sealing Exhibit 8 when he opposed Allstate's motion to seal in the district court. (ECF 175 at ¶ 11).

documents "Confidential" pursuant to the protective order in this case, it also keeps these documents confidential during the normal course of business. These documents contain sensitive business information that would harm Allstate's competitive standing if disclosed to the public, including Allstate's competitive financial and business information, financial programs, compensation and commission information, termination structures, and policyholder names and premiums, among other important information. This information is also the same information that Shao agreed to keep confidential when he executed his Agreement with Allstate. (ECF 162-2). The district court agreed that this information warranted sealing.

Importantly, now, Shao's complaint is not that he cannot access (or does not have access to) Exhibits 1, 3, 6, 8, 11, and 13 or that any harm has come to him as a result of the exhibits being sealed. Rather, Shao complains that Allstate should not be able to seal its documents in general. Without citation to any legal authority, however, this argument is not compelling. And even if the district court did err by sealing Exhibits 1, 3, 6, 8, 11, and 13 (it did not), Shao is not provided any relief if this Court were to reverse the decision since Shao already has access to the documents and the public's access to the documents has no effect on the summary judgment in favor of Allstate.

Nonetheless, motion to seal orders are reviewable for abuse of discretion. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988); *Jones v. Lowe's Companies, Inc.*, 845 F. App'x 205, 213 (4th Cir. 2021) (citing *Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004)). In this case, the district court acted well within its discretion when it allowed Exhibits 1, 3, 6, 8, 11, and 13 to Allstate's Motion for Summary Judgment to remain under seal because it carefully considered each of the Exhibits in light of "long-established Fourth Circuit precedent." (ECF 181 at 1). Specifically, throughout the summary judgment briefing, Allstate made and the district court decided three motions to seal exhibits and pleading excerpts that referred to those exhibits. The district court thoroughly considered all of these motions when it sealed Exhibits 1, 3, 6, 8, 11, and 13.

**First**, Allstate sought to seal seventeen exhibits to its Motion for Summary Judgment and references in its Motion. (ECF 163). The district court denied Allstate's motion to seal without prejudice. (ECF 181). In its well-reasoned and thorough order, the district court balanced the First Amendment's guarantee of access to judicial documents against Allstate's countervailing private interest in protecting its confidential information. (*Id*. at 1–2). The court then provided both parties with the opportunity to move to seal the exhibits in a more particularized manner, noting that the Motion for Summary Judgment exhibits and excerpts would remain sealed for twenty-one days. (*Id*. at 4).

*Second*, on December 27, 2024, Allstate moved to seal limited excerpts contained in its Response in Opposition to Shao's Motion for Partial Summary Judgment. (ECF 184). *Third*, on January 24, 2024, Allstate renewed its first motion to seal. In this motion, however, Allstate only sought to seal Exhibits 1, 3, 6, 8, 11, and 13 to Allstate's Motion for Summary Judgment, as well as limited portions of its Response in Opposition to Shao's Motion for Partial Summary Judgment from the public docket. (ECF 184). The district court granted in part and denied in part these motions to seal: Exhibits 1, 3, 6, 8, 11, and 13 to Allstate's Motion for Summary Judgment would remain sealed but the excerpts from Allstate's Response in Opposition to Shao's Motion for Partial Summary Judgment would not. (ECF 209).

The district court did not abuse its discretion in permitting Exhibits 1, 3, 6, 8, 11, and 13 to remain sealed from the public docket. When the district court decided Allstate's first motion to seal, it carefully considered Fourth Circuit precedent and balanced Allstate's request against the stringent First Amendment Standard. Consequently, when Allstate filed its third motion to seal Exhibits 1, 3, 6, 8, 11, and 13 from the same set of seventeen exhibits, the district court had already thoroughly analyzed the content of each of the exhibits. As such, the district court simply required more robust rationale for sealing each of Exhibits 1, 3, 6, 8, 11, and 13, which Allstate provided in its third motion to seal. (ECF 181, 184). Naturally then,

the district court approved of Allstate's descriptions and agreed to seal Exhibits 1,
3, 6, 8, 11, and 13.  Shao does not now (nor did he at the time) take issue with
Allstate's motion to seal descriptions with respect to Exhibits 1, 3, 6, 8, 11, and 13.
Instead, he merely disapproves of the practice of sealing documents from the docket,
regardless of what those documents contain.  Disapproval does not mean that the
court erred or abused its discretion.  Without more, Shao's appeal fails.  *Jones v.
Lowe's Companies, Inc.*, 845 F. App'x 205, 217 (4th Cir. 2021) (affirming the district
court's decision to seal documents and finding it fatal to appellant's claim that he
did not identify individual document he alleges should be unsealed); *In re U.S. for
an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 294 (4th Cir. 2013)
(holding the magistrate judge did not abuse her discretion in sealing certain
documents).

Accordingly, this Court should affirm the district court's decision ordering
Exhibits 1, 3, 6, 8, 11, and 13 to Allstate's Motion for Summary Judgment to remain
sealed.

## III.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DENIED SHAO'S MOTION FOR SANCTIONS.

Throughout the "background" section of his appeal, Shao raises several
additional issues for which he requests a ruling from this Court.  One such request
was for this Court to determine whether Allstate "fabricated" facts about its
witnesses, Richard Bosworth ("Bosworth") and Glenn Shapiro ("Shapiro").  (Doc

13 at 16, 24). To the extent Allstate understands Shao's argument, Shao may be appealing the Order denying his Motion for Sanctions, which this Court dismissed on October 22, 2024. (ECF 150-152). This Court was correct to dismiss it.

The denial of motions for sanctions are reviewed under the abuse of discretion standard. *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 150 (4th. Cir. 2002); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). The district court did not abuse its discretion when it denied Shao's Motion for Sanctions. (ECF 108). In the Motion for Sanctions, Shao purports that Allstate made "false statements" by (1) objecting to the deposition of Bosworth; and (2) denying a request for admission regarding the whereabouts of Shapiro between March 2020 and August 2020. ***First***, Allstate objected to the deposition of Bosworth—along with several other potential deponents, including Tom Wilson, Shapiro, Robert Hopkins, and Hilarie Sweenie— in opposition to Shao's Motion to Take Depositions. (ECF 78). Allstate objected to the depositions of these individuals because they (including Bosworth) were high-level executives when Shao was with Allstate, and as such, were unlikely to have unique or special knowledge about Shao's allegations. (ECF 78, ¶¶ 4-9). Shao then filed his Motion for Sanctions, claiming that Bosworth was now deceased and that Allstate's opposition to the taking of his deposition was "a lie." (ECF 108 at 1-2). (It was not.)

***Second***, Shao accuses Allstate of "hiding the whereabouts of Shapiro." Shao, however, asked Allstate to admit the location of Shapiro in a Request for Admission. The Request for Admission asked Allstate to admit Shapiro's precise location between March 2020 to late August 2020 and admit that he did not go to his Northbrook office in Illinois during that time frame. (ECF 94-1). Allstate denied this Request because it had no knowledge or basis for admitting the Request. (*Id.*) Shao's Motion for Sanctions claimed that Allstate "flatly and falsely den[ied]" this "fact" about Shapiro. (It did not.)

The district court appropriately denied Shao's Motion for Sanctions for both issues and did not abuse its discretion in doing so. The district court weighed the Motion for Sanctions, and at the hearing on the Motion, stated, "I don't find there to be any basis in law or fact… that anybody engaged in any inappropriate conduct, much less sanctionable conduct. [Y]ou made a very serious accusation about something that I just don't think there is… any evidence to support." (Mar. 1, 2024 Hearing Tr. at 16:6-19). In doing so, the Court asked Shao if he had "anything else [he] want[ed] to argue with respect to... [his] claims for sanctions," to which Shao replied, "[N]o." (*Id*. at 15:23-24). The District Court, therefore, adequately considered Shao's Motion for Sanctions, allowed Shao every opportunity to provide

additional support, and correctly decided that Shao had no basis for his Motion.[8]

Consequently, this decision was not an abuse of discretion, and Shao points to no additional facts—other than his conclusory allegations that Allstate "lied"—that warrants reversing the district court's decision. *Hunt v. Branch Banking & Tr. Co.*, 480 F. App'x 730, 732 (4th Cir. 2012) (finding the district court did not abuse its discretion in denying appellant's motion for sanctions where appellant failed to present factual allegations to support her conclusory statement that the district court erred); *Lewin v. Cooke*, 28 F. App'x 186,197 (4th Cir. 2002) (finding the district court did not abuse its discretion in denying a motion for sanctions where nonmovants' actions were both reasonable and non-material); *Am. Recovery Corp. v. Looper, Reed, Mark & McGraw, Inc.*, 164 F.3d 623 (4th Cir. 1998) (affirming denial of a motion for sanctions where the nonmovant acted reasonably in denying discovery). For these reasons, this Court should affirm the District Court's order denying Shao's Motion for Sanctions.

## IV.   SHAO CANNOT RAISE ISSUES FOR THE FIRST TIME ON APPEAL.

In addition to the above Motion for Sanctions and to the best that Allstate can tell, Shao asks this Court to decide several additional issues unrelated to the

---

[8] Shao also failed to comply with Rule 11's mandatory safe harbor provision. Fed. R. Civ. P. 11(c)(2). This Court can separately find that the district court acted will within its discretion in denying Shao's motion for sanctions solely due to his failure to comply with the safe harbor provision. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 329 F.3d 285, 389 (4th Cir. 2003); *Navy Fed. Credit Union v. LTD Fin. Servs., L.P*, 2019 WL 2203128, at *2 (E.D. Va. May 3, 2019).

summary judgment issues. Shao asks this Court: (a) to determine whether Allstate should identify which documents correlate with which discovery requests; (b) to determine whether it was appropriate for Shao to not be notified by email of a filing; (c) to determine whether it was appropriate for the Court's schedule to disregard his health; (d) to ask Allstate to authenticate case quotations; (e) to determine whether the district court was partial and biased against him; and (f) to determine whether the district court should reopen discovery. (Doc 13 at 11–19, 23–25). These issues are being raised for the first time on appeal, and accordingly, are waived. *Bell v. Brockett*, 922 F.3d 502, 513 (4th Cir. 2019) ("Appellants may not raise arguments on appeal that were not first presented below to the district court"); (citing *Devlin v. Scardelletti*, 536 U.S. 1, 9 (2002)); *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999) (same and gathering cases). Further, even if these additional issues were properly before this Court, they do not affect the district court's summary judgment against Shao. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir.1993) (explaining that issues not raised in district court will not be considered on appeal unless the "refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice"). Disregarding them is neither "plain error" nor "a fundamental miscarriage of justice." *Id*.

Therefore, this Court should not consider these new issues when deciding this appeal. The above issues are not properly before this Court and are not consequential to the district court's summary judgment decision.

## CONCLUSION

For the foregoing reasons, this Court should DISMISS Shao's appeals, or in the alternative, AFFIRM the district court's orders in ECFs 124, 209, and 215.

Date: January 16, 2026

Respectfully submitted,

Defendant – Appellee
Allstate Insurance Company,

_____/s/ J. Scott Humphrey_____
J. Scott Humphrey
Katie Burnett
Samantha Marchand
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
71 S. Wacker Dr., Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312-212-4949
shumphrey@beneschlaw.com
kburnett@beneschlaw.com
smarchand@beneschlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this January 16, 2026, I electronically filed the foregoing document with the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. I certify that I caused a true and correct copy of the foregoing to be served via email and US Mail upon the following:

Paul Shao (Plaintiff)
9233 Lee Masey Drive
Lorton, Virginia 22079
(202) 290-6300
paulyshao@gmail.com

/s/ *J. Scott Humphrey*

J. Scott Humphrey

*Attorney for Defendant-Appellee*
*Allstate Insurance Company*